TOM TINSLEY v. STATE OF OKLAHOMA.

No. A-2616.   Opinion Filed October 21, 1916.

(160 Pac. 331.)

APPEAL—Review—Questions of Fact.   When a plea of former jeopardy is interposed and counsel elect to submit the question to the jury rather than insisting upon a determination of the proposition of law by the court, the finding of the jury will not be disturbed on appeal.

*Appeal from the County Court of Craig County*
*Hon. E. M. Probasco, Judge.*

Tom Tinsley was convicted of violating the prohibitory law and appeals.   Affirmed.

*Clyde McGary,* for plaintiff in error.

*R. McMillan,* Asst. Atty Gen., for defendant in error.

ARMSTRONG, J.   The plaintiff in error, Tom Tinsley, was convicted at the October, 1915, term of the county court of Craig county, on a charge of violating the prohibitory law, and his punishment fixed at imprisonment in the county jail for thirty days and a fine of $50.00.

There is only one assignment of error briefed and argued in this case.   This assignment is based upon a plea of former jeopardy.

It is the contention of counsel that the plaintiff in error had been tried and acquitted upon an information alleging a sale, in practically the same language as the information in the case at bar.   The record shows, however, that counsel chose to make this a question of fact for the jury and introduced his proof accordingly and relied upon the jury to exonerate his client rather than for the court to determine the same as a proposition of law.

After counsel for plaintiff in error introduced his evidence upon this proposition, the State was permitted to introduce evi-

dence in rebuttal. The issue was fairly submitted to the jury under the facts disclosed. The jury found against the contention of plaintiff in error and this court will not disturb the finding. If counsel had elected to stand on his plea as a proposition of law for the determination of the court, he would have been in a different attitude here, but having elected to make the issue one of fact and law combined to be submitted to the jury, he is bound by their decision when there is evidence tending to support the finding. In this case there is ample evidence.

The judgment is affirmed.

DOYLE, P. J., and BRETT, J., concur.